NATIONAL CITY BANK OF CLEVELAND, PLAINTIFF-APPELLANT, v. NATIONAL CITY WINDOW CLEANING CO., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25700. Decided February 8, 1962.

446

Messrs. *McAfee, Hanning, Newcomer & Hazlett*, for plaintiff-appellant.

Messrs. *Roemisch, Wright & Zimmerman*, for defendant-appellee.

(BROWN, P. J., DONAHUE and GRIFFITH, JJ., of the Seventh District, sitting by designation in the Eighth District.)

GRIFFITH, J. This appeal on questions of law and fact comes to this Court from a judgment and decree entered for the defendant in the Court of Common Pleas of Cuyahoga County. The case was submitted to this Court on the pleadings filed, the evidence submitted, and the record made in that Court.

The National City Bank of Cleveland seeks to enjoin defendant from using the name, "National City," as a part of its trade name in its business, as it claims it is likely to mislead or confuse the public.

Defendant admits the use of the name, "The National City Window Cleaning Company," as its corporate name but denies that its use of the name in any way connotes that it is connected with The National City Bank of Cleveland and denies generally

the claims of the plaintiff and asserts that it has spent considerable money in painting its trucks and circularizing the trade.

The National City Bank of Cleveland is the oldest financial institution in Cleveland and the largest national bank in the state. It has been operating as a commercial bank in Cleveland continuously since 1865 under the one name, "The National City Bank of Cleveland."

The plaintiff says that through its trade name of "National City," it has acquired a great reputation among members of the public. The defendant was incorporated in 1960 under the name, "The National City Window Cleaning Company," with its principal place of business in Cleveland.

The evidence in this case is not extensive. The authorities cited are. We have before us the testimony of James B. Wolf, Vice-President of the plaintiff bank in charge of real estate; Donald E. Ehlenfeldt, Assistant Vice-President; numerous exhibits and eleven affidavits that were permitted to go to the Trial Court, as well as the result of a survey made by an advertising concern. The defendant offered no evidence.

Plaintiff contends that it adopted the name, "National City," in 1865 and has continuously used it; has expended millions of dollars in publicizing that name, and, by its long and exclusive use of such name, has pre-empted its use as against the use by others, even though such others are not competitors of the plaintiff and are engaged in a wholly unrelated enterprise. That brings us to two questions:

1. Is the name, "National City," so peculiar, so odd, or so distinctive, as to give the plaintiff an exclusive right to its use?

2. Is the use of the name, "National City," likely to create in the minds of the public the probability that the plaintiff in some way sponsors or is connected with the defendant company?

If the public is in some way, although it may be in a rather indefinable manner, led to believe that the plaintiff is backing the defendant window washing company thus causing the public to be confused, then the use of these words by the defendant should be enjoined.

The word, "National" standing alone, is generic. The word, "City," standing alone, is likewise general, but the com-

bination of these two words, "National City," creates a name that is odd and which is unique and distinctive. It has been carried by the plaintiff down through the years for nigh unto a century, and we think the plaintiff, by reason of prior appropriation and continuous use of that trade name, acquired a property right to it.

The owner of a well known and valuable trade name may restrain the use of the trade name in connection with non-competitive business. *Henry Furnace Company* v. *Kappleman*, 108 N. E. (2d), 839; 91 Ohio App., 451 (1952).

This is an action to enjoin the wrongful use of a trade name. A corporation may select any name not already appropriated but may not use a corporate name containing a peculiar combination of names of another corporation if such name will infringe upon a prior right or a well known corporate name.

The question before us is not whether the plaintiff has exclusive right to the trade name, but whether the public associates this trade name with the plaintiff.

We are satisfied that in the instant case the defendant's name was chosen with the view to the value of this combination of words, "National City," as the defendant's trade name because of the familiarity of the general public with that name as such. The dual use of this trade name would be permitting the defendant a free ride on the good name that has been built up by and belongs to the plaintiff. The use of this name by the defendant would have a tendency to tarnish the trade name that plaintiff established and used to the extent that it would lose some of its valuable luster that the plaintiff has enjoyed.

Plaintiff is entitled to an injunction against the defendant, its agents, servants, and employees, restraining them from using the words, "National City," in its corporate name, and otherwise, in connection with its business. A decree may be entered accordingly.

BROWN, P. J., and DONAHUE, J., concur.